**IN THE COURT OF APPEALS OF IOWA**

No. 17-1669
Filed January 24, 2018

**IN THE INTEREST OF H.M.,**
**Minor Child,**

**H.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Cass County, Amy Zacharias, District Associate Judge.

A mother appeals a juvenile court order terminating her parental rights to her child. **AFFIRMED.**

Karen K. Emerson Peters of Karen K. Emerson Peters Law Office, Atlantic, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Karen L. Mailander of Mailander Law Office, Anita, guardian ad litem for minor child.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals a juvenile court order terminating her parental rights to her minor child, born in 2014. She contends (1) the State failed to prove the statutory grounds for termination by clear and convincing evidence and (2) she should have been given additional time to work towards reunification.[1]

The mother came to the attention of the Iowa Department of Human Services (DHS) in September 2016 upon information that she failed to adequately supervise the child. Following an investigation, DHS concluded the mother failed to provide proper supervision and critical care for the child. Over the next few months, DHS noted continuing concerns for the mother's ability to properly care for the child and her resistance to participating in services. In December, the child was adjudicated a child in need of assistance (CINA). As a result of the mother's continued lack of parenting skills, inability to provide a safe environment for the child, and lack of interest in participating in services, the child was removed from her care in January 2017. Services were provided and the mother was coached on her parenting skills over the next several months, but she made no progress on her abilities to care for or supervise the child. As a result, in June, the juvenile court amended its permanency goal from reunification to adoption and directed the State to file a termination-of-parental-rights (TPR) petition. In October, the court ultimately terminated the mother's parental rights

---

[1] In the mother's petition on appeal, her additional-time argument falls under a heading stating termination is not in the child's best interests. Because, under that heading, the mother only argues she should have been given an extension, we will only consider whether the juvenile court improperly declined to grant her additional time. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *see also* Iowa R. App. P. 6.903(2)(g)(3); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (indicating appellate consideration of issues not presented is unnecessary).

pursuant to Iowa Code section 232.116(1)(h) and (i) (2017). This appeal followed.

We review TPR proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother contends the statutory grounds for termination were not proven by clear and convincing evidence. "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Under section 232.116(1)(h), the court may terminate parental rights if it finds the State has proved by clear and convincing evidence the child: (1) is three years of age or younger; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for the last six consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing. *See A.M.*, 843 N.W.2d at 111 (indicating the statutory language "at the present time" refers to the termination hearing). The State's establishment of the first three elements is undisputed. The mother appears only to challenge the State's establishment of the fourth element.

The State presented evidence regarding the mother's visitation with the child, lack of progress towards her goals concerning her parenting abilities, and

her general unsuitableness as a parent to the child. The mother has been inconsistent in attending her supervised visitation appointments with the child, and when she does attend, she frequently ends the appointment early. Specifically, from January to August 2017, of the visitations that were not canceled on account of the child's illness, the mother only attended twenty-seven of the forty-one visitations offered and either cancelled or did not confirm the remainder. Of the twenty-seven visitations the mother did attend, she requested that nine end early. In August, the mother reported that she had head lice, and she did not attend or request any visitations thereafter.

One parenting consultant who worked extensively with the mother throughout the CINA and TPR cases reported the mother, despite being offered a number of services and coaching, continued to (1) be resistant to and unable to implement parenting suggestions, (2) struggle with understanding age appropriate expectations and how to meet the child's basic needs, and (3) lack an understanding of the importance of addressing her own mental- and physical-health issues. A DHS representative echoed these concerns during her testimony at the termination hearing. The mother also testified her parenting skills have not improved "as much as [she] want[s]." She further testified that her head-lice dilemma continued at the time of the termination hearing, as she has been unable to remedy the same.

Based on the foregoing, we find the evidence clear and convincing that the child could not be returned to the mother's care at the time of the termination hearing. We therefore agree with the juvenile court's determination that the

statutory grounds for termination under section 232.116(1)(h) were sufficiently established.

Next, the mother argues she should have been given additional time to work towards reunification. At the termination hearing, the mother requested, in light of her diagnosis of Asperger's syndrome, "three additional months to help her gain the necessary skills that she needs." The professionals involved in the case solicited recommendations from the mother's therapist in helping them better assist the mother and implemented those recommendations into their interactions with the mother throughout the case. The mother testified at the termination hearing that these measures were helpful. It was also recommended that the mother participate in vocational rehabilitation to assist her with dealing with the issues flowing from her diagnosis. The mother refused.

If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a CINA, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." Upon our de novo review, we are unable to make a finding that the need for removal would no longer exist after the mother's requested extension. We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**